Joanne W. **HILL**, Plaintiff,

v.

**WINN–DIXIE STORES, INC.,**
**Defendant.**

**No. 88–91–Civ–T–13(A).**

United States District Court,
M.D. Florida,
Tampa Division.

April 14, 1988.

---

Robert V. Williams, Tampa, Fla., for plaintiff.

Peter W. Zinober, Tampa, Fla., for defendant.

## ORDER

GEORGE C. CARR, District Judge.

Defendant, plaintiff's former employer, has filed, pursuant to Fed.R.Civ.P. 12(b)(6), a motion to dismiss Count II of plaintiff's complaint for failure to state a claim upon which relief can be granted. Upon consideration, the motion is GRANTED.

Count I of plaintiff's complaint alleges that the conduct of defendant following plaintiff's services as a federal juror violated the Jury Systems Improvements Act of 1978, 28 U.S.C. § 1875. Count II alleges that defendant's same acts violated Fla. Stat. § 40.271. Section 40.271 provides:

> No person summoned to serve on any grand or petit jury in this state, or accepted to serve on any grand or petit jury in this state, shall be dismissed from employment for any cause because of the nature or length of service upon such jury.

The issue before the Court is whether the language "in this state" applies to jury service in federal as well as state courts. Upon a review of the relevant statutory scheme of Title V, the Judiciary Department, and Chapter 40, Jurors and Payment of Jurors and Witnesses, of which § 40.271 is a part, the Court finds that § 40.271 was never intended by the Florida Legislature to apply to federal jurors.

While it is true, as plaintiff contends, that a court must give primacy to the "plain meaning rule" of statutory construction, such rule is applicable only where the statutory language at issue is unambiguous. *Rickard v. Auto Publisher, Inc.,* 735 F.2d 450, 454–55 (11th Cir.1984). In the instant case, the Court finds that § 40.271 is not unambiguous.

Although the legislative history of § 40.271 is unenlightening, principles of statutory construction support this Court's determination that the statute does not apply to federal jury service. In construing a statute, a court must give effect to the intent of the legislative body in enacting the statute. *Solis–Ramiriz v. U.S. Department of Justice,* 758 F.2d 1426, 1431 (11th Cir.1985). A court should look not just to the particular language at issue in the text of the statute itself but should construe the language within the context of the entire statutory scheme. *Kokoszka v. Belford,* 417 U.S. 642, 650, 94 S.Ct. 2431, 2436, 41 L.Ed.2d 374 (1974); *Sutton v. United States,* 819 F.2d 1289, 1293 (5th Cir.1987). *See also Rickard,* 735 F.2d at 457 ("the cardinal purpose, intent, or purport of the whole act shall control, and all parts shall be interpreted as subsidiary and harmonious"). By virtue of the numerous references and provisions relating to county or circuit courts, and state and local offices and officers, a clear reading of the remainder of Chapter 40 reveals that the Florida Legislature clearly was addressing jury service within the state court system. Accordingly, it would be incongruous and contrary to the intent of the Florida Legislature to apply § 40.271 to federal jury service.

Additionally, the use of parallel language requires parallel construction. *Doctors Hospital, Inc. v. Bowen,* 811 F.2d 1448, 1452 (11th Cir.1987); *Fortin v. Marshall,* 608 F.2d 525, 528 (1st Cir.1979). When § 40.271 was enacted, § 40.34(1), which describes the method by which the clerks of the Florida state courts prepare jury payrolls, contained the language "clerks of the several courts of record in this state." Section 40.271 should be reasonably construed in an identical fashion to refer solely to state court jury service. Moreover, where a legislative body includes particular language in one section of a statute but excludes it in another, it is generally presumed the exclusion was intentional. *Russello v. United States,* 464 U.S. 16, 104 S.Ct. 296, 78 L.Ed.2d 17 (1983). Section 40.07 precludes from state court jury service any person prosecuted or convicted of

a crime "in this state or any federal court." Section 25.032 uses the words "courts ... of the United States" to specify the federal courts. As the Florida Legislature used express language in Chapter 40 and elsewhere in Title V where it intended to include within its provisions federal courts, the Court believes that the better construction is to apply § 40.271 solely to state court jury service.

Accordingly, defendant's motion to dismiss Count II is GRANTED. In light of the Court's resolution of this issue, it finds it unnecessary to address defendant's alternative preemption argument.

DONE AND ORDERED.