563 So.2d 701 (1990)
Maxine SCOTT, Appellant,
v.
Charles M. ESTALELLA, et al., Appellees.
No. 88-1177.
District Court of Appeal of Florida, Third District.
February 13, 1990.
Rehearing Denied May 10, 1990.
Milton P. Shafran, Fort Lauderdale, Kelly, Black, Black, Byrne, Craig & Beasley and Lauri Waldman Ross, and Richard M. Bales, Jr., Miami, for appellant.
Robert C. Maland and Roger M. Dunetz, Miami, for appellees.
Before SCHWARTZ, C.J., and HUBBART and COPE, JJ.
SCHWARTZ, Chief Judge.
The appellant Scott was allegedly wrongfully discharged by her employer as a result of her service as a petit juror in the Federal District Court. She brought this action solely[1] under section 40.271, Florida Statutes (1985)[2] to recover damages provided by that act. The lower court dismissed the complaint with prejudice. We affirm that ruling on the basis of our complete agreement with Hill v. Winn-Dixie Stores, Inc., 699 F. Supp. 876, 877-78 (M.D. Fla. 1988),[3] which squarely and simply holds *702 that, as a matter of statutory construction, section 40.271 does not apply to federal jury service.[4]
Affirmed.
HUBBART, J., concurs.
COPE, Judge (dissenting).
With deference, I disagree with the conclusion reached by the majority. The phrase "in this state" should be read in its ordinary sense, which is a phrase indicating geographic location. If the legislature intended to confine the application of this statute to jury service in state courts only, it would have employed the phrase "of this state" instead of "in this state."
That conclusion is compelled by the fact that the statute has, from the time of enactment in 1974, employed both phrases. The 1974 version of section 40.271 provided:
(1) No person summoned to serve on any grand or petit jury in this state, or accepted to serve on any grand or petit jury in this state, shall be dismissed from employment for any cause because of the nature or length of service upon such jury.
(2) A civil action by the individual who has been dismissed may be brought in the courts of this state for any violation *703 of this section... .[1]
§ 40.271, Fla. Stat. (Supp. 1974) (emphasis added). The distinction is clear: the substantive proscription of subsection (1) applies to jurors  state or federal  seated "in this state," while subsection (2) confers jurisdiction on the courts "of this state"  Florida courts  to redress violations of the act. Those provisions are now found in subsections 40.271(1) and (3), Florida Statutes (1987).
This interpretation is reinforced by reference to other familiar principles of statutory construction. A court should take into consideration the particular evils at which the legislation is aimed or the mischief sought to be avoided. Foley v. State ex rel. Gordon, 50 So.2d 179, 184 (Fla. 1951) (en banc); Curry v. Lehman, 55 Fla. 847, 854, 47 So. 18, 20 (1908). Likewise pertinent is the state of the law already in existence which bears on the subject. Id.
In the present case the mischief to be prevented by the enactment of section 40.271 is the discharge of jurors from their employment "because of the nature or length of service upon such jury." The harm is the same for any employee discharged by reason of jury service regardless of whether the service is on a state or federal jury. In 1974, when section 40.271 was enacted, no comparable federal statute existed. As section 40.271 was at that time the sole remedy for discharge by reason of jury service, it is reasonable to suppose that the drafters of the statute chose the phrase "in this state" in order to provide a remedy for citizens summoned to serve on federal, as well as state, juries.[2]
By contrast, the reasoning of Hill v. Winn-Dixie Stores, Inc., 699 F. Supp. 876 (M.D.Fla. 1988) is unpersuasive. Hill argues that placement of section 40.271 in chapter 40, Florida Statutes, signifies an intention to confine section 40.271 to jury service in the state court system. Since chapter 40 deals with the subject of jurors, it is the most logical location for codification of section 40.271, and that would be true even if section 40.271 expressly referred to service on federal, as well as state, juries. The fact that section 40.271 was codified in chapter 40 does not, therefore, shed light on its proper interpretation.
In support of its reasoning, Hill also cites two statutes which were in existence when section 40.271 was enacted. The first is subsection 40.34(1), Florida Statutes (1973) which pertained to the payroll responsibilities of the "clerks of the several courts of record in this state whose jurors are paid from state funds... ." Since the statutory language included the phrase "the several courts of record," and since the statutory subject matter could only apply to Florida courts, it sheds no light on interpretation of the different phrase, "grand or petit jury in this state." § 40.271(1), Fla. Stat. (Supp. 1974).
Hill also relies on a portion of subsection 40.07(1), Florida Statutes (1973), but that statute is inapposite. Subsection 40.07(1) excludes from jury service any person "who shall have been convicted in this state or any federal court, or any other state, territory, or country," of certain enumerated felonies. In context it is clear that the phrase "any federal court" was specifically chosen so as to include any federal conviction wherever occurring, whether inside or outside Florida, and that the phraseology was chosen in order to address a different problem than the one involved in section 40.271.[3]
*704 For the reasons stated I conclude that the legislature intended to confer a substantive right on Florida citizens to be free from discharge by employers on account of jury service, whether in state or federal court. I would therefore reverse the judgment.
NOTES
[1] Compare Aszkenas v. J.B. Robinson Jewelers, Inc., 560 So.2d 1193 (Fla. 3d DCA 1990), in which the plaintiff also asserted a claim under the federal act, 28 U.S.C. § 1875 (1985), which provides a remedy for discharging employees because of federal jury service.
[2] § 40.271 provides:

40.271 Jury service 
(1) No person summoned to serve on any grand or petit jury in this state, or accepted to serve on any grand or petit jury in this state, shall be dismissed from employment for any cause because of the nature or length of service upon such jury.
(2) Threats of dismissal from employment for any cause, by an employer or his agent to any person summoned for jury service in this state, because of the nature or length of service upon such jury may be deemed a contempt of the court from which the summons issued.
(3) A civil action by the individual who has been dismissed may be brought in the courts of this state for any violation of this section, and said individual shall be entitled to collect not only compensatory damages, but, in addition thereto, punitive damages and reasonable attorney fees for violation of this act.
[3] That opinion states:

Defendant, plaintiff's former employer, has filed, pursuant to Fed.R.Civ.P. 12(b)(6), a motion to dismiss Count II of plaintiff's complaint for failure to state a claim upon which relief can be granted. Upon consideration, the motion is GRANTED.
Count I of plaintiff's complaint alleges that the conduct of defendant following plaintiff's services as a federal juror violated the Jury Systems Improvements Act of 1978, 28 U.S.C. § 1875. Count II alleges that defendant's same acts violated Fla. Stat. § 40.271. Section 40.271 provides:
No person summoned to serve on any grand or petit jury in this state, or accepted to serve on any grand or petit jury in this state, shall be dismissed from employment for any cause because of the nature or length of service upon such jury.
The issue before the Court is whether the language "in this state" applies to jury service in federal as well as state courts. Upon a review of the relevant statutory scheme of Title V, the Judiciary Department, and Chapter 40, Jurors and Payment of Jurors and Witnesses, of which § 40.271 is a part, the Court finds that § 40.271 was never intended by the Florida Legislature to apply to federal jurors.
While it is true, as plaintiff contends, that a court must give primacy to the "plain meaning rule" of statutory construction, such rule is applicable only where the statutory language at issue is unambiguous. Rickard v. Auto Publisher, Inc., 735 F.2d 450, 454-55 (11th Cir.1984). In the instant case, the Court finds that § 40.271 is not unambiguous.
Although the legislative history of § 40.271 is unenlightening, principles of statutory construction support this Court's determination that the statute does not apply to federal jury service. In construing a statute, a court must give effect to the intent of the legislative body in enacting the statute. Solis-Ramiriz v. U.S. Department of Justice, 758 F.2d 1426, 1431 (11th Cir.1985). A court should look not just to the particular language at issue in the text of the statute itself but should construe the language within the context of the entire statutory scheme. Kokoszka v. Belford, 417 U.S. 642, 650, 94 S.Ct. 2431, 2436, 41 L.Ed.2d 374 (1974); Sutton v. United States, 819 F.2d 1289, 1293 (5th Cir.1987). See also Rickard, 735 F.2d at 457 ("the cardinal purpose, intent, or purport of the whole act shall control, and all parts shall be interpreted as subsidiary and harmonious"). By virtue of the numerous references and provisions relating to county or circuit courts, and state and local offices and officers, a clear reading of the remainder of Chapter 40 reveals that the Florida Legislature clearly was addressing jury service within the state court system. Accordingly, it would be incongruous and contrary to the intent of the Florida Legislature to apply § 40.271 to federal jury service.
Additionally, the use of parallel language requires parallel construction. Doctors Hospital, Inc. v. Bowen, 811 F.2d 1448, 1452 (11th Cir.1987); Fortin v. Marshall, 608 F.2d 525, 528 (1st Cir.1979). When § 40.271 was enacted, § 40.34(1), which describes the method by which the clerks of the Florida state courts prepare jury payrolls, contained the language "clerks of the several courts of record in this state." Section 40.271 should be reasonably construed in an identical fashion to refer solely to state court jury service. Moreover, where a legislative body includes particular language in one section of a statute but excludes it in another, it is generally presumed the exclusion was intentional. Russello v. United States, 464 U.S. 16, 104 S.Ct. 296, 78 L.Ed.2d 17 (1983). Section 40.07 precludes from state court jury service any person prosecuted or convicted of a crime "in this state or any federal court." Section 25.032 uses the words "courts ... of the United States" to specify the federal courts. As the Florida Legislature used express language in Chapter 40 and elsewhere in Title V where it intended to include within its provisions federal courts, the Court believes that the better construction is to apply § 40.271 solely to state court jury service.
We would add to Judge Carr's persuasive analysis of the issue only the additional point that the fact that several other state statutes specifically apply to federal jury service presents a strong indication that the Florida law, which does not so provide, was not meant to do so. See Ala. Code § 12-16-8.1 (1975); Tenn. Code Ann. § 22-4-108 (1987); W. Va. Code Ann. § 52-3-1 (1987).
[4] As in Hill, the basis of our holding makes it unnecessary to consider the appellees' additional argument that the existence of the federal statute on the identical issue preempts an application of the Florida law. See Schneidewind v. ANR Pipeline Co., 485 U.S. 293, 108 S.Ct. 1145, 99 L.Ed.2d 316 (1988).
[1] Subsection 40.271(2) was the subject of editorial revision by the Division of Statutory Revision prior to publication in the 1974 Florida Statutes. Compare id. with ch. 74-379, Laws of Florida. Both versions of subsection 40.271(2) used the phrase "of this state."
[2] In 1978 Congress enacted a federal statute, 28 U.S.C. § 1875, which provides similar, though not identical, rights for employees discharged or threatened by reason of jury service "in any court of the United States."
[3] For the same reason the Hill court's reliance on section 25.032, Florida Statutes (1987) is misplaced. That statute authorizes the Florida Supreme Court "to collaborate with any and all other courts of last resort, of other states and of the United States, in the preparation and approval of uniform rules of court to make effective this and similar laws."