560 So.2d 1193 (1990)
Marvin ASZKENAS, Appellant,
v.
J.B. ROBINSON JEWELERS, INC., Appellee.
No. 88-2441.
District Court of Appeal of Florida, Third District.
February 13, 1990.
Rehearing Denied May 10, 1990.
*1194 Milton P. Shafran (Ft. Lauderdale), Kelly, Black, Black, Byrne, Craig & Beasley and Lauri Waldman Ross and Richard M. Bales, Jr., Miami, for appellant.
Kubicki, Bradley, Draper, Gallagher & McGrane and Betsy E. Gallagher and Barbara Eagan, Miami, for appellee.
Before SCHWARTZ, C.J., and HUBBART and COPE, JJ.
COPE, Judge.
The principal question presented by the present case is whether the state courts have concurrent jurisdiction with the federal courts to adjudicate a suit brought under 28 U.S.C. § 1875, which provides a cause of action for one who is wrongfully discharged, or otherwise retaliated against, by reason of federal jury service. We hold that the state courts have concurrent jurisdiction and remand for further proceedings.
Marvin Aszkenas, plaintiff below, was formerly employed by J.B. Robinson Jewelers, Inc. Aszkenas was summoned for service on a federal grand jury, which required him to sit one work day per week for eighteen months. Aszkenas alleged that Robinson discharged him on account of the protracted grand jury duty. He brought suit against Robinson under section 40.271, Florida Statutes (1987), requesting compensatory and punitive damages.
Robinson admitted that Aszkenas had been discharged but denied that the discharge was related to his grand jury service. Robinson moved for summary judgment, arguing that the Florida law did not apply to claims based on alleged discrimination in federal jury service. Robinson also contended that Congress had, by enacting 28 U.S.C. § 1875, preempted section 40.271 to the extent it might otherwise apply to a federal juror.
In reply to the motion for summary judgment, Aszkenas contended that Robinson was incorrect as a matter of law, but alternatively argued that if there were merit to Robinson's position, then Aszkenas should be given leave to amend in order to assert a claim for relief under 28 U.S.C. § 1875. The trial court entered summary judgment in favor of Robinson and denied leave to amend, reasoning that the federal courts have exclusive jurisdiction of suits under 28 U.S.C. § 1875.
By separate opinion in Scott v. Estalella, 560 So.2d 1192 (Fla. 3d DCA 1990), a panel of our court has held that section 40.271, Florida Statutes, does not apply to claims arising out of federal jury service. We therefore affirm the trial court ruling insofar as it dismissed claims under that statute.
The next inquiry is whether the trial court was correct in concluding that it did not have jurisdiction of claims under 28 U.S.C. § 1875. Section 1875 was enacted as part of the Jury System Improvements Act of 1978, Pub.L. No. 95-572, and provides, in part:
(a) No employer shall discharge, threaten to discharge, intimidate, or coerce any permanent employee by reason of such employee's jury service, or the attendance or scheduled attendance in connection with such service, in any court of the United States.
(b) Any employer who violates the provisions of this section 

*1195 (1) shall be liable for damages for any loss of wages or other benefits suffered by an employee by reason of such violation;
(2) may be enjoined from further violations of this section and ordered to provide other appropriate relief, including but not limited to the reinstatement of any employee discharged by reason of his jury service; and
(3) shall be subject to a civil penalty of not more than $1,000 for each violation as to each employee.
The Act also created a new jurisdictional statute, 28 U.S.C. § 1363, which provides, "The district courts shall have original jurisdiction of any civil action brought for the protection of jurors' employment under section 1875 of this title."[1] In enacting section 1363, Congress employed the term "original jurisdiction," not "exclusive jurisdiction." Compare id. with, e.g., 15 U.S.C. § 78aa (Securities Exchange Act of 1934, § 27).
The United States Supreme Court has said:
The general principle of state-court jurisdiction over cases arising under federal laws is straightforward: state courts may assume jurisdiction over a federal cause of action absent provision by Congress to the contrary or disabling incompatibility between the federal claim and state-court jurisdiction... . The two exercise concurrent sovereignty... .
Gulf Offshore Co. v. Mobil Oil Corp., 453 U.S. 473, 477-78, 101 S.Ct. 2870, 2875, 69 L.Ed.2d 784, 791 (1981) (citations omitted). Ordinarily there is concurrent jurisdiction, for "exclusive federal court jurisdiction over cases arising under federal law has been the exception rather than the rule." Charles Dowd Box Co. v. Courtney, 368 U.S. 502, 507-08, 82 S.Ct. 519, 523, 7 L.Ed.2d 483, 487 (1962) (footnote omitted); see also id. n. 4.
In analyzing the jurisdictional issue, the Court begins with the presumption that state courts enjoy concurrent jurisdiction... . Congress, however, may confine jurisdiction to the federal courts either explicitly or implicitly. Thus, the presumption of concurrent jurisdiction can be rebutted by an explicit statutory directive, by unmistakable implication from legislative history, or by a clear incompatibility between state-court jurisdiction and federal interests.
Gulf Offshore Co. v. Mobil Oil Corp., 453 U.S. at 478, 101 S.Ct. at 2875, 69 L.Ed.2d at 791 (citations omitted).
In the present case Congress has not conferred exclusive jurisdiction on the federal courts. It is settled that a statute which grants "original jurisdiction" to a federal court "does not operate to oust a state court from concurrent jurisdiction over the [federal] cause of action." 453 U.S. at 479, 101 S.Ct. at 2875-76, 69 L.Ed.2d at 792 (citations omitted) (construing 43 U.S.C. § 1333 (b)). The fact that Congress expressly considered the question of jurisdiction, and in section 1363 deliberately chose to confer "original," and not "exclusive," jurisdiction on the federal courts weighs particularly heavily on the side of concurrent jurisdiction. There is a sound practical reason for Congress to have made that choice: many citizens reside a considerable distance away from a federal court, while having a state court close at hand. Congress recognized (as acknowledged by the elimination of the federal jurisdictional amount)[2] that the majority of claims would be relatively small ones, and that many claimants would be persons of modest means. It is reasonable to conclude that Congress intended to provide access to the state courts, as well as federal courts, to enforce the newly created federal right.
The next inquiry is whether the legislative history contains an unmistakable implication *1196 that would refute the presumption of concurrent jurisdiction. We conclude that it does not. See 1978 U.S.Code Cong. & Ad.News 5477, 5480, 5488. There is, however, throughout the legislative history the express recognition of the long distances many federal jurors must travel to reach the federal courthouses, as well as acknowledgement of the economic burden of jury service on persons of modest means. Id. at 5477-80, 5482, 5485-89. These considerations weigh on the side of affording access to the nearest available court, state or federal.
The final question is whether there is such an incompatibility of state and federal interests as to compel the conclusion that the federal court must have exclusive jurisdiction. We conclude there is not. The legislative history of the federal enactment indicates that Congress drew on the experience of the states in developing the federal law. 1978 U.S.Code Cong. & Ad.News at 5488. The terms of Florida's counterpart statute, § 40.271, Fla. Stat., are similar to those of the federal enactment. Statecourt enforcement of the federally-created post-discharge remedy would advance the entirely compatible state and federal interests.[3]
We conclude that the presumption of concurrent jurisdiction has not been rebutted. Because the trial court has jurisdiction over the federal cause of action, Aszkenas' request for leave to amend should have been granted. We therefore reverse the final judgment and remand with leave to amend to assert claims under 28 U.S.C. § 1875.
Affirmed in part, reversed in part, and remanded.
HUBBART, J., concurs.
SCHWARTZ, Chief Judge (dissenting).
In my judgment, it is highly anomalous, and incongruous for a state court to enforce a cause of action which is not only created by federal statute but, far more importantly, involves the enforcement of rights which arise in the administration of the federal court system itself. With respect to this particular issue, I would hold that the "assumed greater hospitality of federal courts to peculiarly federal claims," Gulf Offshore Co. v. Mobil Oil Corp., 453 U.S. 473, 484, 101 S.Ct. 2870, 2878, 69 L.Ed.2d 784, 795 (1981), which has often been referred to in applying the third ground for confining federal claims to federal courts, that is, when there is a "clear incompatibility between state-court jurisdiction and federal interests," Gulf, 453 U.S. at 478, 101 S.Ct. at 2875, 69 L.Ed.2d at 791, applies with obvious force. I think it clear, in other words, that only federal courts may or should extend their hospitality to those who claim a right to recovery because of what happened within their own confines. I therefore respectfully dissent.
NOTES
[1] The apparent purpose of enacting 28 U.S.C. § 1363 was to authorize the federal district courts to hear jury discrimination suits without regard to the amount in controversy. When the Act was adopted in 1978, the general federal question jurisdiction of the district courts could be invoked (with exceptions not applicable here) only if the amount in controversy exceeded $10,000. 28 U.S.C. § 1331, as amended by Pub.L. No. 94-574 (1976).
[2] See note 1 supra.
[3] There is, to be sure, one practical difference between bringing a section 1875 action in state, as opposed to federal, court. The statute provides that an aggrieved juror can apply to the district court for appointment of counsel in a section 1875 action, and the district court can, upon determining that there is probable merit in the claim, make such an appointment, 28 U.S.C. § 1875 (d)(1), the appointed counsel to be compensated as provided in 18 U.S.C. § 3006A. A comparable obligation would not rest on the state court. While the existence of that ancillary remedy in district court may influence the choice of forum for one not already represented by counsel, the other provisions of the Act are readily enforceable in state, as well as federal court.