**Sendy ENIVERT, Plaintiff,**

v.

**PROGRESSIVE SELECT INSURANCE COMPANY, Defendant.**

**Case No. 14–CV–80279.**

United States District Court, S.D. Florida, West Palm Beach Division.

Signed July 22, 2014.

Filed July 23, 2014.

---

Andrew Bryan Zelmanowitz, Bárbara Perez, Tod N. Aronovitz, Aronovitz Law, Miami, FL, for Plaintiff.

Marcy Levine Aldrich, Valerie B. Greenberg, Akerman LLP, Miami, FL, for Defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

KENNETH L. RYSKAMP, District Judge.

**THIS CAUSE** comes before the Court on Defendant's motion to dismiss [DE 12]. This motion is fully briefed and ripe for adjudication.

## I. Background

Plaintiff Sendy Enivert ("Enivert") brings this cause of action against Defendant Progressive Select Insurance Compa-

ny ("Progressive") for breach of contract. Enivert claims Progressive failed to pay her full Florida No–Fault ("PIP") benefits in violation of Fla. Stat. §§ 627.736(1)(a) and (1)(a)(4). In pertinent part,

3. Reimbursement for services and care provided in subparagraph 1. or subparagraph 2. up to $10,000 if a physician licensed under chapter 458 or chapter 459, a dentist licensed under chapter 466, a physician assistant licensed under chapter 458 or chapter 459, or an advanced registered nurse practitioner licensed under chapter 464 has determined that the injured person had an emergency medical condition.

4. Reimbursement for services and care provided in subparagraph 1. or subparagraph 2. is limited to $2,500 if a provider listed in subparagraph 1. or subparagraph 2. determines that the injured person did not have an emergency medical condition.

Enivert reads this language to mean that an insured is limited to $2,500 only if a medical provider determines that the injured person did not have an emergency medical condition ("EMC"). She argues that she is entitled to the full $10,000, even though she did not have an EMC, because a provider never made a determination regarding her medical condition. In the alternative, Progressive reads this language to mean that a medical provider must affirmatively determine an insured has an EMC to receive the full $10,000.

Progressive moves this Court to dismiss this claim. It asserts that the statutory language and legislative history of the PIP Statute clearly support its limited reimbursement of $2,500 in benefits to Enivert. It argues that Enivert fails to state a legally cognizable claim because of her reading of the PIP Statute is improper.

## II. Legal Standard for Motion to Dismiss for Failure to State a Claim

In order to state a claim for relief, Federal Rule of Civil Procedure Rule 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). However, the Court need not accept legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Further, "a court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for [him]." *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937, "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

## III. Discussion

"When the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning." *Knowles v. Beverly Enterprises–Fla., Inc.*, 898 So.2d 1, 5 (Fla.2004) (quoting *Holly v. Auld*, 450 So.2d 217, 219 (Fla.1984)). However, when the statute is vague or ambiguous, courts may look to the legislative intent of the statute. *See Am. Bankers Ins. Grp., Inc. v. United States*, 308 F.Supp.2d 1360, 1364 (S.D.Fla. 2004) rev'd sub nom. *Am. Bankers Ins. Grp. v. United States*, 408 F.3d 1328 (11th Cir.2005).

First, this Court must look to the PIP Statute's plain meaning. *See Knowles*, 898 So.2d at 5. The PIP Statute states that "[m]edical benefits provide reimbursement *only* for ... services and care provided ... up to $10,000 if a physician ... has *determined* that the injured person had an *emergency medical condition*." Fla. Stat. § 627.736(1)(a)(3) (emphasis added). Additionally, the PIP Statute provides "[r]eimbursement for services and care ... is limited to $2,500 if a provider ... determines that the injured person did not have an emergency medical condition." Fla. Stat. § 627.736(1)(a)(4). Enivert argues that, because a medical provider never determined she *did not* have an EMC, she is entitled to full benefits. However, she ignores the language in Subsection (1)(a)(3). When interpreting a statute, a court must "construe the language within the context of the entire statutory scheme." *Hill v. Winn–Dixie Stores, Inc.*, 699 F.Supp. 876, 877 (M.D.Fla.1988). The PIP Statute, read in its entirety, clearly indicates that a medical provider's determination is required in order to receive reimbursement under either subsection of the statute. *See Hill*, 699 F.Supp. at 877. A medical provider did not determine that Enivert

had an EMC, and she concedes that she did not have one. Therefore, Enivert is not entitled to the full $10,000 in benefits and her claim fails.

Given the PIP Statute's clear language, it is not necessary for the Court to look any further. However, out of an abundance of caution, the Court looks to the legislative intent behind the PIP Statute. The House of Representatives provided a Final Bill Analysis to support the 2012 amendments to the PIP Statute. *See* CS/ CS/H.B. 119, H.R., Final Bill Analysis (Mar. 19, 2012). It cited the Florida Office of Insurance Regulation ("OIR") report, which noted that "over the past several years the number of drivers in Florida has remained stable, the number of accidents has decreased, but the frequency and severity of PIP claims has increased significantly." *Id.* at 6. The report then included the OIR's factual findings. *Id.* Particularly pertinent was its finding that "PIP fraud is a significant issue, with Tampa, Miami, Orlando, Hialeah, and West Palm Beach having the highest numbers of staged accidents/questionable claims. Additionally, from July 1, 2007 to April 25, 2010, the number of PIP referrals to the Division of Fraud within the Department of Financial Services increased by more than 60% (from 2,669 referrals to 4,271 referrals)." *Id.* The Final Bill Analysis goes on to state that the PIP amendments should "mak[e] the amount of the medical benefit dependent upon the severity of the injury." *Id.* at 9. As provided in Subsection (1)(a)(3), it notes that "[m]edical benefits of up to $10,000 are available for emergency medical conditions diagnosed by specified providers." *Id.*

The Court finds it clear that the legislative intent behind the PIP Statute is to decrease PIP fraud in Florida by placing more stringent requirements on the insured in order to receive the full amount of benefits and to efficiently allocate maximum benefits to the insured who have severe medical conditions. Therefore, the PIP Statute's clear language and legislative intent are consistent. Enivert's misreading of the statute does not support a legally cognizable claim. Progressive's motion to dismiss is granted.

## IV. Conclusion

The Court has carefully considered the motions, response, reply, applicable law, and pertinent portions of the record. For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Defendant's motion to dismiss [DE 12] is **GRANTED WITH PREJUDICE.**