FRANK, Judge.
The central question in this matter is whether a workers’ compensation claimant, Billy G. Sibley, may sustain an independent cause of action grounded upon alleged tor-tious conduct committed by an agent of the employer or insurance carrier during the investigation of the claim. The trial court dismissed the complaint for the want of subject matter jurisdiction. Sibley has appealed from that determination and we affirm.
The factual setting presented to us may be summarized as follows: Sibley suffered a heart attack as the result of unusual stress related to his employment by Sunco Carriers as a truck driver. Following that event, he claimed benefits pursuant' to the Workers’ Compensation Act, Chapter 440 (1981). Sibley contends in his complaint that Adjustco’s investigator edited and altered his statement given when he was hospitalized and sedated. Thereafter, Sib-ley was denied benefits with the result that he was required to file a claim and pursue statutory entitlement to workers’ compensation benefits. Sibley was awarded coverage, including “interest on all back compensation due and on all unpaid medical bills paid by him,” and an attorney’s fee. The deputy commissioner found, inter alia, that Sibley’s statement given to Adjustco’s investigator was of no “credible value and appears to a large degree to have been edited by the interviewer and does not contain all of the facts and circumstances surrounding the occurrence of the heart attack.” The First District Court of Appeal affirmed the Deputy Commissioner’s order. Thereafter, Sibley sought to enforce the Deputy Commissioner’s order. The litigation ultimately winnowed down to Sibley claiming damages, compensatory and punitive, for fraud and the intentional infliction of emotional distress based upon Adju-stco’s investigator’s misportrayal of his words. Sibley’s second amended complaint survived attacks challenging the sufficiency of its allegations but, at a hearing immediately prior to trial, the trial court concluded it was without subject matter jurisdiction. The focus of Adjustco’s contentions on that occasion was the effect of section 440.37 and its subparts upon Sibley’s claims. The final judgment, however, is predicated on section 440.11, the portion of chapter 440 announcing the statute’s exclusive means enabling an injured worker to seek monetary and other relief for a job-related injury but permitting actions against third party tort-feasors. We do not rest our affirmance upon section 440.11.
In assessing the correctness of the trial court’s disposition of Sibley’s pleaded claims, we need neither consider, dissect nor analyze the decisions dealing with “bad faith” and resultant penalties in the handling of the claim, Florida Erection Services, Inc. v. McDonald, 395 So.2d 203 (Fla. 1st DCA 1981), the question of a circuit court’s subject matter jurisdiction arising from a carrier’s alleged willful failure to *355 make payments due the claimant under the statute, Old Republic Insurance Company v. Whitworth, 442 So.2d 1078 (Fla. 3d DCA 1983), the rejection of a cause of action for allegedly mishandling a compensation claim and egregiously mistreating the claimant and his wife, Connolly v. Maryland Casualty Company, 849 F.2d 525 (11th Cir.1988), cert. denied, 489 U.S. 1083, 109 S.Ct. 1539, 103 L.Ed.2d 843 (1989), and those cases sustaining a trial court’s jurisdiction in tort if the employer’s actions reveal a deliberate purpose to injure or to commit an act substantially certain to result in injury or death. Fisher v. Shenandoah General Construction Co., 498 So.2d 882 (Fla.1986); Lawton v. Alpine Engineered Products, Inc., 498 So.2d 879 (Fla.1986); Cunningham v. Anchor Hocking Corp., 558 So.2d 93 (Fla. 1st DCA 1990). Finally, we do not find in Byrd v. Richardson-Greenshields Securities, Inc., 552 So.2d 1099 (Fla.1989), the supreme court’s recent pronouncement eliminating from the statute’s sweep sexual harassment occurring in the course of employment, a juridically sound basis for bringing the present action within the trial court’s subject matter jurisdiction. Simply because abusive, job-related, sexual molestation is without the statute does not warrant the expanded notion that subject matter jurisdiction exists to remedy conduct, albeit associated with a worker’s compensation claim, not stemming from a physical injury experienced in the workplace during employment.
Thus, having stated that which does not influence the result we reach, we explicate that which does lead to our conclusion. We must begin with the premise that the workers’ compensation statute represents a comprehensive legislative effort to provide protective and compensatory mechanisms to working people who experience physical injury or loss in carrying out the employer’s objectives. Toward the accomplishment of that end, the legislature has embodied in the statute provisions designed to deter conduct, which if committed can result in severe penalties, civil and criminal, impeding or adversely affecting fair and unobstructed implementation of the statutory goals. Against the foregoing backdrop, we consider the interlocking provisions of section 440.37, which, it is to be noted, have not heretofore received judicial attention in a context such as that at hand.
It is our judgment that those portions of the statute set forth below are preemptive and foreclose Sibley’s action. The pertinent prefatory paragraphs of section 440.-37 state that:
(1) Any person who willfully makes any false or misleading statement or representation for the purpose of obtaining or denying any benefit or payment under this chapter:
[[Image here]]
(b) Who prepares or makes any written or oral statement that is intended to be presented to any employer, insurance company, or self-insured program in connection with, or in support of, any claim for payment or other benefit pursuant to any provision of this chapter, knowing that such statement contains any false or misleading information concerning any fact or thing material to such claim, shall be guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
The statute defines a “person” as an “individual, partnership, association, or cor-poration_” § 440.02(17), Fla.Stat. (1987). There can be no doubt that Adju-stco and its investigator fall within the range of susceptibility to prosecution for willfully violating section 440.37(l)(b).
We move now to section 440.37(2)(c), that aspect of the statute which creates a cause of action for the violation of section 440.-37(l)(b):
Any person damaged as a result of a violation of any provision of this subsection, when there has been a criminal adjudication of guilt, shall have a cause of action to recover compensatory damages, plus all reasonable investigation and litigation expenses, including attorney’s fees at the trial and appellate courts.[1]
*356 It is evident that if Sibley possesses a litigable grievance arising from the conduct attributed to Adjustco, offensive to section 440.37(l)(b), the assertion of that claim must be preceded by a criminal prosecution resulting in an adjudication of guilt.[2] Finally, notwithstanding the definitional breadth of the word “person” found in section 440.02(17), section 440.37(2)(e) amplifies the statute to leave no question that an entity such as Adjustco as well as its investigator are exposed, once the condition prescribed in section 440.37(2)(c) is met, to a damage claim for conduct condemned under section 440.37(l)(b):
The provisions of this subsection shall also apply with respect to any employer, insurer, self-insurer, adjusting firm, or agent or representative thereof who intentionally injures, defrauds, or deceives any claimant with regard to any claim. Such claimant shall have the right to recover the damages provided in this subsection.
§ 440.37(2)(e), Fla.Stat. (1987).
In short, although we have recognized that the Workers’ Compensation Act “covers only those subjects within its self-contained limitations” and “does not affect rights which are not within the purview of the act or which by necessary implication or negation are excluded therefrom,” American Freight System, Inc. v. Florida Farm Bureau Casualty Insurance Company, 453 So.2d 468, 470 (Fla. 2d DCA 1984), the inclusion within chapter 440 of section 440.37, convinces us that the legislature intended that section to be the sole means for seeking to remedy the kind of behavior Sibley ascribes to Adjustco.
Affirmed.
SCHEB, A.C.J., concurs.
RYDER, J., dissents with opinion.

. Sibley has not raised, and we do not pass upon, whether section 440.37(2)(c) does vio *356 lence to Article I, Section 21 of the Constitution of’ the State of Florida. We refrain from rendering an advisory view of that question.

. We extract two compelling legislative purposes from section 440.37(l)(b) and (2)(c). The presence in the statute of potential criminal sanctions for violating section 440.37(1) and its subpart (b) serves to inhibit the making of false or misleading statements and the successful prosecution of conduct repugnant to those portions of the statute pretermits frivolous lawsuits based upon contentions of false or misleading statements.