596 So.2d 1048 (1992)
Billy G. SIBLEY, Petitioner,
v.
ADJUSTCO, INC., Respondent.
No. 77357.
Supreme Court of Florida.
April 9, 1992.
*1049 J. Michael McCarthy, and C. Kenneth Stuart, Jr. of W. James Kelly, P.A., Lakeland, for petitioner.
Robin Gibson of Gibson & Lilly, Lake Wales, for respondent.
OVERTON, Justice.
We have for review Sibley v. Adjustco, Inc., 573 So.2d 353 (Fla. 2d DCA 1990), where the district court held that a workers' compensation claimant was prohibited by the provisions of section 440.37, Florida Statutes (1989), from bringing an independent action against an insurance carrier on grounds that its adjuster committed intentional, fraudulent, and bad faith acts in taking a statement concerning the claim. The district court then certified the following question as one of great public importance:
WHEN AN EMPLOYEE CLAIMS INJURY ARISING FROM THE ALLEGED FRAUDULENT ACT OF AN EMPLOYER/CARRIER COMMITTED IN THE COURSE OF A PROCEEDING INITIATED PURSUANT TO CHAPTER 440[, FLORIDA STATUTES (1989),] IS A CRIMINAL ADJUDICATION OF GUILT PRESCRIBED IN SECTION 440.37 A CONDITION TO THE MAINTENANCE OF AN INDEPENDENT TORT ACTION?
Sibley v. Adjustco, Inc., No. 89-03430 (Fla. 2d DCA Jan. 24, 1991) (Order on Motion for Certification).[1] We answer the question in the negative and quash the decision of the district court.
The facts of this case are as follows. In Sibley's workers' compensation proceeding, prior to the circuit court action, the industrial claims judge found that Sibley was entitled to workers' compensation benefits. The judge found that Sibley suffered an acute myocardial infarction caused by unloading his truck and that this was not the type of labor and exertion performed during the normal course of his job. The judge noted that Sibley was hospitalized for approximately three weeks, one week of which was in the intensive care cardiac unit. As a result of Sibley's condition, the judge found a 50% permanent partial disability in accordance with the opinions of the treating physicians. The judge also made an express finding concerning the conduct of William Adams, the adjuster in this action, stating:
I have thoroughly reviewed and considered the statement which was taken by William Adams, an adjuster, employed by the employer and its carrier, which statement was taken on or about December 1, 1981. It is my finding that the statement was taken while Mr. Sibley was under less than optimum physical condition and that he was at that time not completely aware of his surroundings nor fully cognizant of the implications and ramifications of the questions being posed to him by the adjuster. I do not find that the statement as transcribed is of credible value and appears to a large degree to have been edited by the interviewer and does not contain all of the facts and circumstances surrounding the occurrence of the heart attack or of the matters discussed at the time of the taking of the statement as testified to by the claimant and by his wife who was present at the time of the taking of the statement. I, therefore, specifically reject the statement as having substantial weight and merit and of having any credible value in the findings of compensability herein.
*1050 Sibley's complaint alleged that, while he was hospitalized in a heavily sedated condition, his statement was taken by William Adams, an employee of the workers' compensation carrier. Furthermore, Sibley claimed that the statement taken by Adams was inaccurate and had been edited in material respects and that, because of Adams' fraudulent acts, the carrier refused to pay Sibley workers' compensation benefits. Sibley's complaint charged that such acts were intentional misconduct and not negligent conduct protected by chapter 440, Florida Statutes (1989). The insurance carrier moved to dismiss the action and the trial court granted the insurance carrier's motion, concluding that section 440.11, Florida Statutes (1989), provided the carrier with immunity from liability.
On appeal, the district court affirmed but did not rest its affirmance upon section 440.11. In its decision, the district court noted that "the workers' compensation statute presents a comprehensive legislative effort to provide protective and compensatory mechanisms to working people who experience physical injury or loss in carrying out the employer's objectives." Sibley, 573 So.2d at 355. The district court explained that, to accomplish these objectives and to implement chapter 440, the legislature enacted section 440.37, entitled "Misrepresentation; fraudulent activities; penalties." That statute provides, in pertinent part:
(1) Any person who willfully makes any false or misleading statement or representation for the purpose of obtaining or denying any benefit or payment under this chapter:
... .
(b) Who prepares or makes any written or oral statement that is intended to be presented to any employer, insurance company, or self-insured program in connection with, or in support of, any claim for payment or other benefit pursuant to any provision of this chapter, knowing that such statement contains any false or misleading information concerning any fact or thing material to such claim, shall be guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
... .
(2)(e) The provisions of this subsection shall also apply with respect to any employer, insurer, self-insurer, adjusting firm, or agent or representative thereof who intentionally injures, defrauds, or deceives any claimant with regard to any claim. Such claimant shall have the right to recover the damages provided in this subsection.
The district court found the interlocking provisions of section 440.37 controlling and concluded that the legislature intended that section to be the sole means for a claimant to obtain relief for the behavior alleged to have been committed by the adjuster and the carrier in this case.
In answering the certified question, we must determine whether the provisions of sections 440.37(1)(b) and 440.37(2)(e), Florida Statutes (1989), which require a criminal conviction as a condition precedent to the maintenance of a tort action by an employee who claims to have been defrauded, are the exclusive remedy or an alternative cause of action. We note that, under sections 440.37(1)(b) and 440.37(2)(e), Florida Statutes (1989), a criminal conviction resolves the question of liability and leaves for resolution only the question of damages. However, where there is no criminal conviction, an independent common law cause of action requires the establishment of liability as well as damages. We hold that section 440.37 provides only an alternative cause of action rather than the exclusive cause of action under these circumstances. Furthermore, we find that those statutory provisions were not intended to bar recovery for intentional tortious conduct. Byrd v. Richardson-Greenshields Sec., Inc., 552 So.2d 1099 (Fla. 1989); Fisher v. Shenandoah Gen. Constr. Co., 498 So.2d 882 (Fla. 1986); Lawton v. Alpine Eng'red Prods., Inc., 498 So.2d 879 (Fla. 1986).[2] Given the distinctive characteristics *1051 of this statutory action and the common law action, we conclude that the legislature was providing an alternative cause of action and not eliminating a common law right of action for an intentional tort.
Accordingly, we answer the certified question in the negative, quash the decision of the district court, and remand this cause for further proceedings consistent with this opinion.
It is so ordered.
SHAW, C.J., and McDONALD, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
[2] We note that the adjuster who allegedly committed the tortious acts is not a party defendant to this cause. We do not address whether the circumstances of this case constitute an intentional tort by an employee for which an employer is responsible because that issue is not before us.