GRIFFIN, Judge.
This is a petition for writ of a prohibition seeking to prevent the lower court from exercising jurisdiction in an action against petitioners, Associated Industries of Florida Property and Casualty Trust [“Associated”] and Anna Ledesma.
Respondent, Gary Benson, filed a complaint in circuit court seeking damages for “Intentional Infliction of Severe Emotional Distress ... (Outrage).” The allegations in support of the claim are, in summary form, the following:
1. In April 1990 and in August 1990, plaintiff was injured in the course and scope of his employment with Kove Association of Volusia.
2. Plaintiff was examined by Daño Leli, Ph.D. for the purpose of determining whether there was a psychological component to his lower back chronic pain syndrome and to determine whether the plaintiff was capable of returning to work from a psychological viewpoint.
3. The workers’ compensation act provides that if a claimant is able to return to work, he must conduct a job search in order to continue to receive benefits.
4. On or about June 30, 1992, Ledesma had a conversation with Dr. Leli to determine the plaintiff’s work status but instead of determining whether or not the plaintiff could return to work, Ledesma “intentionally asked” whether or not the plaintiff was psychologically capable of doing the physical act of applying for a job. Dr. Leli told her that Mr. Benson could physically do the act but he was not capable of employment until he received psychological treatment. The defendants denied the plaintiffs psychological treatment and, in spite of the doctor’s admonitions, arbitrarily cut off Mr. Benson’s temporary total disability benefits and demanded that he do a “job search” in order to receive his monies.
The lower court denied petitioner’s motion to dismiss on twin grounds: first, that in light of Sibley v. Adjustco, 596 So.2d 1048 (Fla.1992), section 440.11, Florida Statutes (1993) does not provide immunity for such a claim; second, that the complaint stated a cause of action for the tort of “Intentional Infliction of Emotional Distress.”
Petitioner seeks prohibition on the basis of several decisions of other intermediate appellate courts holding that Chapter 440 provides an exclusive remedy to insureds based on an alleged wrongful refusal to pay benefits by a workers’ compensation carrier and that prohibition is the appropriate remedy where the lower court refuses to dismiss such an action.
In Old Republic Insurance Co. v. Whitworth, 442 So.2d 1078 (Fla. 3d DCA 1983), a claimant brought suit against the workers’ compensation carrier for intentional infliction of emotional distress based on allegations that the carrier had wilfully delayed disability payments. That court said: “[A] compensation claimant cannot avoid the exclusivity of the Act and transform a delay in payment into an actionable tort cognizable in the Circuit Court simply by calling that delay outrageous, fraudulent, deceitful or an intentional infliction of emotional distress.” Id. at 1079. The court noted that the complaint did no more than allege intentional nonperformance of the statutory duty to pay the claim. Id. at 1080-81. Because Florida’s compensation law contains mechanisms to insure timely payment and provides an array of sanctions which may be imposed when a carrier wrongfully withholds payment, the remedy under the act is exclusive.
In Southeast Administrators, Inc. v. Moriarty, 571 So.2d 589, 590 (Fla. 4th DCA 1990), the Fourth District Court said: “[E]ven if it is assumed that petitioners did-intentionally inflict emotional distress, the *545 claim for such conduct still arises out of petitioners’ failure to pay the claim. [The respondent’s] exclusive remedy is under the act, and the circuit court lacks subject matter jurisdiction to entertain the instant action.” See also Connolly v. Maryland Casualty Co., 849 F.2d 525 (11th Cir.1988), cert. denied, 489 U.S. 1083, 109 S.Ct. 1539, 103 L.Ed.2d 843 (1989); Sullivan v. Liberty Mutual Insurance Co., 367 So.2d 658 (Fla. 4th DCA), cert. denied, 378 So.2d 350 (Fla.1979).
This petition asks us to determine the effect, if any, that Sibley v. Adjustco, has on this body of law. In Sibley, the Florida Supreme Court considered a case that arose on allegations that the workers’ compensation insurance adjuster was guilty of “fraud,” either by taking an inaccurate statement from the claimant at the time he was heavily sedated after his heart attack or by improperly editing the statement. The question before the supreme court in Sibley was a very narrow one — whether the statutory cause of action authorized in section 440.37, Florida Statutes, (“misrepresentation; fraudulent activities; penalties”) limited the claimant to that statute and required him to satisfy the conditions precedent of that statute. The holding of the Florida Supreme Court was simply that the statute provided a supplementary basis[1] for a recovery of damages, not an exclusive basis. Specifically, the supreme court said:
[W]e find that those statutory provisions were not intended to bar recovery for intentional tortious conduct. Given the distinctive characteristics of this statutory action and the common law action, we conclude that the legislature was providing an alternative cause of action and not eliminating a common law right of action for an intentional tort.
596 So.2d at 1050-51 [citations omitted].
The Sibley court was careful to note that it was not deciding whether the plaintiff in that case had a common law cause of action against the workers’ compensation carrier for an independent tort based on its employee’s alleged conduct. Id. at 1050 n. 2. Presumably, on remand, if the lower court determined no independent tort was alleged, dismissal would have been proper. There is no suggestion that the supreme court was intending to authorize nonstatutory causes of action against workers’ compensation carriers that were already limited by statute or case law.
The law of Florida, confirming the exclusivity of statutory remedies for failure of workers’ compensation carriers to pay claims, remains as it was before Sibley. The workers’ compensation carrier shares employer immunity, but, like the employer, loses that immunity when it commits an intentional tort. If a workers’ compensation carrier has not merely breached the duty to timely pay benefits but has committed an independent tort against a claimant, the plaintiff may pursue his cause of action in circuit court. However, respondent’s complaint in this case contains no well-pleaded cause of action for any independent tort, much less the tort of intentional infliction of emotional distress.[2] In Food Lion, Inc. v. Clifford, 629 So.2d 201 (Fla. 5th DCA 1993), this court again recognized that a cause of action for intentional infliction of emotional distress, also known as “outrage,” involves the deliberate or reckless infliction of mental suffering on another. In Food Lion, the plaintiff, an employee of Food Lion, complained that his employer had instigated a criminal prosecution against him for theft; however, based on the facts, the employer had a right to do so. In this case, the “intentional asking” of an allegedly irrelevant question to a third party is not “intentional infliction of emotional distress;” nor can it be tortious to withdraw *546 benefits based on the answer to an irrelevant question if it is not tortious to deny benefits without asking any question at all. If the complaint is supposed to establish “outrage” based on the carrier’s insistence that the employee conduct a job search, any allegations showing that the carrier’s conduct was extortionate, unprivileged, unlawful or fraudulent are wholly missing. If the carrier had the right to require a job search as a condition of continuation of benefits, there is no wrongful act; if not, the wrongful termination of benefits for failure to do a job search can be remedied under the statute. With no more facts pleaded, there is no independent tort on which to base the lawsuit and the lower court should have dismissed it with leave to amend.[3]
That is not to say, however, that we may grant prohibition as was done in Whitworth and Moriarty. After those cases were decided, in Mandico v. Taos Construction, Inc., 605 So.2d 850 (Fla.1992), the supreme court revised its view of the use of prohibition in cases involving the question of exclusivity of workers’ compensation remedies. After Mandico, such cases are brought to the appellate court for interlocutory review pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C).
Accordingly, we treat this application for a writ of prohibition as an authorized interlocutory appeal. We reverse the order under review and remand with instructions to the lower court to dismiss the complaint without prejudice, allowing respondent to amend so that he may attempt to state a cause of action for an independent tort which is cognizable under Florida law.
REVERSED and REMANDED WITH INSTRUCTIONS.
HARRIS, C.J., and W. SHARP, J., concur.

. In order to emphasize that section 440.37 was not intended to be the exclusive mode of asserting a claim against a worker's compensation carrier, the supreme court cited cases involving actions by employees against employers for an intentional tort. The supreme court was simply alluding to the fact that, by its express terms, section 440.37(2)(e) applied not only to insurers but to employers as well. This shows that the legislation did not seek to undermine the longstanding rule in Florida that workers’ compensation immunity does not apply to the commission of intentional torts.

. See, e.g., Dominguez v. Equitable Life Assur. Soc’y of United States, 438 So.2d 58 (Fla. 3d DCA 1983), approved sub nom. Crawford and Co. v. Dominguez, 467 So.2d 281 (Fla.1985).

. See Bowen v. Aetna Life and Casualty Co., 512 So.2d 248 (Fla. 3d DCA 1987).