692 So.2d 257 (1997)
Armando Montes de OCA, Appellant,
v.
ORKIN EXTERMINATING COMPANY, a foreign corporation, and Crawford & Company, a foreign corporation, Appellees.
No. 95-1229.
District Court of Appeal of Florida, Third District.
April 23, 1997.
*258 Manuel A. Fernandez, Miami, and Richard A. Barnett, Hollywood, for appellant.
Daniels, Kashtan & Fornaris and John E. Oramas, Coral Gables, for appellees.
Before SCHWARTZ, C.J., and COPE and GODERICH, JJ.

On Motion for Rehearing and Certification
COPE, Judge.
On consideration of appellant's motion for rehearing and certification, we withdraw the court's previous opinion and substitute the following opinion:
Plaintiff-appellant Armando Montes de Oca appeals an order dismissing his complaint for want of jurisdiction. We affirm.
According to the complaint, plaintiff was injured on July 9, 1993 in the course of his employment with defendant-appellee Orkin Exterminating Company as a crew chief. In February 1994 he reached maximum medical improvement and was authorized to return to work, restricted to light duty. Orkin advised that work was available but gave plaintiff an initial work assignment which exceeded plaintiff's physical restrictions. Plaintiff was unable to perform the duties.
Thereafter Orkin again advised that a job was available within plaintiff's physical restrictions. Orkin refused to make further payments of workers' compensation benefits on the ground that plaintiff was refusing light duty work offered by Orkin. Plaintiff reported to work. Plaintiff states that he was again offered work which was outside his physical limitations. He was also promised work as a route scheduler (which was within his physical restrictions), but on reporting to work, no route scheduler assignment was available.
*259 Plaintiff filed suit in circuit court under several theories, alleging wrongful termination of his workers' compensation benefits, and seeking relief against Orkin. The circuit court dismissed the complaint for want of jurisdiction, and plaintiff has appealed.
We agree with the trial court that this dispute is within the jurisdiction of the judge of compensation claims. Subsection 440.15(6), Florida Statute (1993) provides:
(6) EMPLOYEE REFUSES EMPLOYMENT.  If an injured employee refuses employment suitable to the capacity thereof, offered to or procured therefor, such employee shall not be entitled to any compensation at any time during the continuance of such refusal unless at any time in the opinion of the judge of compensation claims such refusal is justifiable.
The legislature has clearly stated that the judge of compensation claims is to decide whether the refusal of the employee to return to work is justifiable. Since that is the gist of the plaintiff's case, it follows that this dispute must be submitted to the judge of compensation claims within the workers' compensation system. See Old Republic Ins. Co. v. Whitworth, 442 So.2d 1078, 1079 (Fla. 3d DCA 1983).
Plaintiff argues, however, that his claim falls within section 440.205, Florida Statutes (1993), which states: "Coercion of employees.  No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law." Plaintiff asserts that Orkin is attempting to coerce him into settling his workers' compensation claim by not respecting his physical limitations and by claiming to have work which he can perform, when such work is not actually available. Plaintiff alleges that his claim under section 440.205 falls within the scope of Smith v. Piezo Technology and Professional Administrators, 427 So.2d 182 (Fla.1983). We disagree.
In Smith, the Florida Supreme Court held that "section 440.205, Florida Statutes (1979), creates a statutory cause of action for a wrongful discharge in retaliation for an employee's pursuit of a workers' compensation claim and such action is not cognizable before a deputy commissioner but rather is cognizable in a court of competent jurisdiction." Id. at 183-84 (footnote omitted). In Smith, the employee had actually been discharged for filing a workers' compensation claim. Id. at 183. The Florida Supreme Court held that section 440.205 creates a cause of action for retaliatory discharge. Id. at 183,185.
In the present case, by contrast, plaintiff alleges an ongoing dispute with the employer wherein the employer contends that the plaintiff has unreasonably refused to return to work. The plaintiff claims that the employer has not offered work within the plaintiff's physical limitations, and that the plaintiff's refusal to return to work is justifiable. This dispute is squarely within the grant of jurisdiction to the judge of compensation claims under subsection 440.15(6). In order to read the various parts of chapter 440 harmoniously with each other, we conclude that a dispute that falls within the scope of subsection 440.15(6) is outside the coverage of section 440.205.
Plaintiff in essence asks us to expand the holding of Smith beyond retaliatory discharge, so that in every case in which there is a dispute under subsection 440.15(6), the employee would be allowed to file a companion civil action in circuit court alleging intimidation or coercion. Such an expansion of Smith is not warranted by the language of that decision, nor would it be consistent with the legislative intent, which contemplates that this type of dispute will be resolved by the judge of compensation claims. See Old Republic Ins. Co. v. Whitworth, 442 So.2d at 1079.
Plaintiff also argues that in alleging that Orkin made false statements about the availability of work, he has stated a cause of action under subparagraph 440.105(4)(b)1, Florida Statutes (1993), which provides:
(4) Whoever violates any provision of this subsection commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
....
(b) It shall be unlawful for any person:
1. To knowingly make, or cause to be made, any false, fraudulent, or misleading *260 oral or written statement for the purpose of obtaining or denying any benefit or payment under this chapter.
Plaintiff makes the same claim against defendant-appellee Crawford & Co., the workers' compensation servicing agent for Orkin.
In support of this cause of action plaintiff relies on Sibley v. Adjustco, Inc., 596 So.2d 1048 (Fla.1992). In Sibley, the Florida Supreme Court construed the similarly-worded predecessor statute, section 440.37, Florida Statutes (1989), which likewise had criminal penalties. The court held that the statute provided a private right of action for civil lawsuits. Important for present purposes, the predecessor statute explicitly provided that an injured or defrauded "claimant shall have the right to recover the damages provided in this subsection." Id. § 440.37(2)(e) (quoted in Sibley, 596 So.2d at 1050). Section 440.37, in other words, contained an express right of action.
Effective January 1, 1994, the legislature repealed section 440.37. Ch. 93-415, § 109, Laws of Fla. In its place, the legislature enacted the similarly-worded section 440.105, Florida Statutes (Supp.1994).[1] In so doing, the legislature eliminated the express private right of action which had been contained in the earlier statute. We therefore conclude that there is no private right of action under section 440.105.
Plaintiff next alleges that the claimed misconduct also constitutes intentional infliction of emotional distress by Orkin and abuse of process by Crawford & Company. "[A] compensation claimant cannot avoid the exclusivity of the Act and transform a delay in payments into an actionable tort cognizable in the Circuit Court simply by calling that delay outrageous, fraudulent, deceitful, or an intentional infliction of emotional distress." Old Republic Ins. Co. v. Whitworth, 442 So.2d at 1079.
Affirmed.[2]
NOTES
[1] As stated in the complaint, the complained-of conduct in the present case took place in 1994.
[2] In light of this opinion, the motion for rehearing and certification is denied.