710 So.2d 1016 (1998)
SHERATON KEY LARGO and AIAC Insurance Company, Appellants,
v.
Concepcion ROCA, Appellee.
Concepcion ROCA, Appellant,
v.
Gladys L. COIA, Esq. and Marlow, Connell, Valerius, Abrams & Adler, Appellees.
Barbara FOSTER, Appellant,
v.
Concepcion ROCA, Appellee.
Nos. 96-3231, 97-1703 and 97-1705.
District Court of Appeal of Florida, Third District.
May 6, 1998.
Rehearing Denied June 3, 1998.
Barbara E. Schnepper and R. Cory Schnepper, for appellants.
Marlow, Connell, Valerius, Abrams & Adler and William G. Edwards and William G. Liston, for appellees.
Before SCHWARTZ, C.J., and LEVY and FLETCHER, JJ.
FLETCHER, Judge.
These are three consolidated appeals arising from an action filed in the circuit court by a workers' compensation claimant (Concepcion Roca) against her employer (Sheraton Key Largo Resort), its carrier (AIAC Insurance Co.), the claims agent (Barbara Foster), and the lawyer and law firm representing the employer/carrier, alleging intentional infliction of emotional distress for delays by the defendants in authorizing medical care ordered by the judge of compensation claims [JCC]. The trial court denied the motions to dismiss of the defendants employer, carrier, and claims agent (who have appealed that denial) and granted the motion to dismiss of the defendants lawyer and law firm (which dismissal the claimant has appealed).[1] We affirm the trial court's dismissal of the case against the lawyer and law firm and dismiss the appeals by the defendants employer, carrier, and claims agent as they are unauthorized non-final appeals.
The claimant severely injured herself while working as a waitress in February *1017 1995. She was treated by two physicians to whom the employer/carrier referred her. Her back condition deteriorated and the physicians reported that she needed emergency surgery to avoid further problems (including incontinence and suicidal depression).
The employer/carrier, through the claims agent, refused to authorize the surgery until the claimant filed a claim with the JCC and obtained an emergency hearing on the issue. At the first such hearing in January 1996, the JCC authorized depositions of both doctors. After taking the depositions in which each doctor testified (on February 9, 1996) that the surgery was necessary and work related, the employer/carrier still did not authorize the surgery. The claimant obtained a second hearing on February 14 and 21, 1996 and the JCC ordered the employer/carrier to authorize the surgery. When it still had not done so several days later,[2] the claimant filed this action in circuit court, alleging intentional infliction of emotional distress (outrage) against the various defendants. The claimant alleged that the defendants, knowing the extent of her injury and need for treatment, intended to harm her by refusing to authorize required surgery. The trial court granted the defendants lawyer and law firm's motion to dismiss and allowed the filing of a second amended complaint. The second amended complaint realleged the intentional infliction of distress claims and added claims of "malicious defense". Thereafter, the court granted the lawyer/law firm's motion for judgment on the pleadings and denied their request for section 57.105 attorney's fees. The trial court denied the motions of the defendants employer, carrier and claims agent and ordered them to respond to the complaint.
Montes de Oca v. Orkin Exterminating Co., 692 So.2d 257 (Fla. 3d DCA), rev. denied, 699 So.2d 1374 (Fla.1997), involved a similar attempt by a claimant to transmogrify a workers' compensation claim into an intentional tort within the jurisdiction of the circuit court. In that opinion we stated:
"Plaintiff next alleges that the claimed misconduct also constitutes intentional infliction of emotional distress by Orkin and abuse of process by Crawford & Company. `A compensation claimant cannot avoid the exclusivity of the [workers' compensation] Act and transform a delay in payments into an actionable tort cognizable in the Circuit Court simply by calling that delay outrageous, fraudulent, deceitful, or an intentional infliction of emotional distress.' Old Republic Ins. Co. v. Whitworth, 442 So.2d at 1079."
692 So.2d at 260.
The Montes de Oca conclusion applies and governs this entire action. Accordingly, we affirm the dismissal of the lawyer and the law firm from the case. Notwithstanding this result, we cannot reverse the trial court's failure to dismiss the claimant's action as against the defendants employer, carrier, and claims agent as their non-final appeals are unauthorized, and are, as a consequence, dismissed without prejudice.
NOTES
[1] The third consolidated appeal is that of the lawyer and law firm seeking review of the trial court's refusal to award them attorneys' fees. We affirm that order.
[2] Surgery was finally authorized in March 1996.