750 So.2d 93 (1999)
Brenda Diana CHASE, Appellant,
v.
WALGREEN COMPANY, etc., Appellee.
No. 99-494.
District Court of Appeal of Florida, Fifth District.
December 17, 1999.
Rehearing Denied February 7, 2000.
*94 Frederick C. Morello and Andrew C. Gust, of Frederick C. Morello, P.A., Daytona Beach, for Appellant.
Eric R. Eide, of Grower, Ketcham, More', Rutherford, Noecker, Bronson, Siboni & Eide, P.A., Orlando, for Appellee.
GRIFFIN, J.
Brenda Diana Chase ["Chase"] appeals a final order of dismissal of her claim for damages pursuant to section 440.205, Florida Statutes (1993). We reverse.
On October 2, 1993, Chase began her employment with Walgreen as a cashier at the company's liquor store in Edgewater. Four months later, Chase injured her right leg and back when she slipped and fell on a mop in the rear of the store. Chase filed a claim with Walgreen's workers' compensation carrier. Chase missed work on an intermittent basis due to the injury. When her physicians cleared her for return to work, they placed her on bending and lifting restrictions.
Approximately, one year later, Chase had a second work injury. While under a lifting restriction of twenty pounds or less, Chase's left leg gave way at work and she landed on her right hip and thigh. Chase again filed a claim for benefits.
Again, almost one year later, Chase suffered a third work-related injury. Chase rose from a seated position to a standing position and injured her back. Chase filed another claim. Chase returned to work with some physical restrictions.
Although still employed by Walgreen, Chase filed a one-count complaint on August 6, 1998, alleging that in violation of section 440.205, Florida Statutes (1993), she suffered retaliatory adverse employment action as a result of filing a valid worker's compensation claim. Chase claimed that since filing her first claim for workers' compensation benefits, Walgreen's management "adopted a pattern of retaliatory employment actions" which included: (1) failing to comply with physician ordered work restrictions; (2) reducing scheduled work hours resulting in decreased income and loss of eligibility for employee insurance and other benefits; (3) refusing Chase's request for transfer to another store located closer to her residence despite the open positions at that *95 store; (4) making changes to Chase's work schedule without prior notice "in an effort to depict Chase as an absentee"; and (5) berating Chase in a "humiliating manner for pretextual violations of company policy or practice." Chase sought economic damages, including back pay and the value of any lost benefits with interest, and noneconomic damages, including "damages for mental anguish, humiliation, and embarrassment."
Walgreen filed a motion to dismiss Chase's complaint for failure to state a cause of action, urging that because she remained employed with the defendant, she had no claim. Walgreen urges that section 440.205 only authorizes a claim where there has been a discharge from employment. Walgreen also asserted lack of subject matter jurisdiction claiming that the alleged wrongful actions were within the jurisdiction of the Judge of Compensation Claims
The court entered a final order of dismissal with prejudice on January 29, 1999. In its order, the court summarized the parties' legal arguments as follows:
3. The primary argument of the Defendant is that F.S. § 440.205 provides a cause of action for wrongful termination, but does not provide a cause of action for allegations of threats, intimidation, or coercion absent the termination, discharge, or constructive discharge of the Plaintiff.
4. The Plaintiff's response to the Motion to Dismiss is that the plain language of the statute authorizes a cause of action for threats to discharge, intimidation, or coercion in addition to actual termination or discharge itself.
The court agreed with the defendant as a matter of law and concluded that Chase failed to state a cause of action:
5. I have fully considered the case law cited by the parties. I have noted the Supreme Court of Florida decisions which have referenced F.S. § 440.205 as providing a cause of action for wrongful discharge. Neither party has cited any case law specifically addressing the issue of a cause of action for coercion or intimidation where there was not a corresponding termination or discharge from employment. The recent case of Montes de Oca v. Orkin Ext. Co., 692 So.2d 257 (Fla. 3d DCA 1997), cited by the Defendant, supports the more limited scope of F.S. § 440.205 advocated by the Defendant.
6. I have considered the plain language of the statute and the case law argued by both parties. While the plain language of the statute may prohibit an employer from threatening to discharge, intimidating, or coercing an employee (in addition to actual termination), I am also constrained by the rule of law that statutory causes of action in derogation of the common law must be construed narrowly. Accordingly, I find that the case law cited by the Defendant supports its assertion that F.S. § 440.205 provides a cause of action only for retaliatory discharge or termination. While the language of the statute is not entirely clear in this limitation, I do not find that the case law supports the broader interpretation advocated by the Plaintiff in this case as it would allow for lawsuits against employers for allegations of intimidation or coercion even in cases where the Plaintiff continues to be employed with that employer.
7. As the complaint alleges that the Plaintiff continues to be employed with the Defendant, I find that the complaint does not state a cause of action under F.S. § 440.205.
The question presented appears to be a question of first impression in Florida; namely, whether section 440.205, Florida Statutes (1993), entitled "Coercion of Employees," creates a cause of action for retaliatory "intimidation or coercion" absent a discharge. It is clear that the statute creates a cause of action for retaliatory discharge. Scott v. Otis Elevator Co., 572 So.2d 902, 903 (Fla.1990); Smith *96 v. Piezo Tech. and Prof'l Adm'rs, 427 So.2d 182, 183 (Fla.1983).
Section 440.205, entitled "Coercion of Employees," provides as follows:
No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law.
When interpreting a statute, this court "must determine legislative intent from the plain meaning of the statute." State v. Dugan, 685 So.2d 1210, 1212 (Fla.1996); see also Acosta v. Richter, 671 So.2d 149, 153 (Fla.1996), citing Shelby Mut. Ins. Co. v. Smith, 556 So.2d 393, 395 (Fla. 1990)(plain meaning is the "polestar" of statutory construction). In other words, "[i]f the language of the statute is clear and unambiguous, a court must derive legislative intent from the words used without involving rules of construction or speculating as to what the legislature intended." Id.
Chase argues that the plain meaning of section 440.205 prohibits four distinct adverse employment actions and is not limited to discharge or threatened discharge. Chase points to the disjunctive use of the word "or" in the statute: "No employer shall discharge, threaten to discharge, intimidate, or coerce any employee ... "Chase argues that the use of the word "or" generally indicates that alternatives were intended. Sparkman v. McClure, 498 So.2d 892, 895 (Fla.1986); D.M. v. State, 712 So.2d 1204 (Fla. 5th DCA 1998); State v. White, 736 So.2d 1231, 1232 (Fla. 2d DCA 1999). Walgreen, on the other hand, argues that the words "intimidate" and "coerce" are simply the legislature's way of describing constructive discharge in cases where the employee quits.
In support of her position, Chase points to the similarly worded federal jury service statute, 28 U.S.C. § 1875 and its interpretation by federal courts.[1]See United Teachers of Dade v. Dade County School Bd., 500 So.2d 508, 512 (Fla.1986)(Florida courts often look to federal decisions to interpret similar statutes). The statute provides in pertinent part:
(a) No employer shall discharge, threaten to discharge, intimidate, or coerce any permanent employee by reason of such employee's jury service, or the attendance or scheduled attendance in connection with such service, in any court of the United States. (Emphasis added).
(b) Any employer who violates the provisions of this section
(1) shall be liable for damages for any loss of wages or other benefits[2] suffered *97 by an employee by reason of such violation;
(2) may be enjoined from further violations of this section and ordered to provide other appropriate relief, including but not limited to the reinstatement of any employee discharged by reason of his jury service; and
(3) shall be subject to a civil penalty of not more than $1,000 for each violation as to each employee.
(c) Any individual who is reinstated to a position of employment in accordance with the provisions of this section shall be considered as having been on furlough or leave of absence during his period of jury service, shall be reinstated to his position of employment without loss of seniority, and shall be entitled to participate in insurance or other benefits offered by the employer pursuant to established rules and practices relating to employees on furlough or leave of absence in effect with the employer at the time such individual entered upon jury service.
In Hill v. Winn-Dixie Stores, Inc., 934 F.2d 1518 (11th Cir.1991), a former employee who had resigned her position as a produce manager with a Florida Winn-Dixie store brought suit against her former employer for violation of 28 U.S.C. § 1875. Specifically, she alleged coercion, intimidation, harassment and constructive discharge because of her service on a federal jury. Id. at 1522. At trial, Hill presented evidence of reprimand, changes to her work schedule to times when she was required to serve jury duty, and threats to discharge or demote her if she did not maintain certain sales quotas. Id. at 1521-22. The jury rendered a special verdict finding that Winn-Dixie "threaten[ed] to fire or otherwise coerce or intimidate the plaintiff Joanne W. Hill because of her service or in connection with a federal jury," and that her working conditions were so difficult that a reasonable person would have resigned. Id. at 1522. The district court granted a judgment notwithstanding the verdict in favor of Winn-Dixie. Id. at 1523. The Eleventh Circuit, however, reversed the JNOV, in part holding that although the evidence was insufficient to enable a jury to conclude that Hill was constructively discharged, it was sufficient to allow a jury to find that "Winn-Dixie coerced or intimidated Hill in violation of 28 U.S.C. § 1875." Id. at 1526. Accordingly, the Eleventh Circuit reinstated the jury verdict finding that Winn-Dixie coerced or intimidated Hill in violation of the statute. Id. at 1527.
Similarly, in U.S. ex rel. Madonia v. Coral Springs Partnership, Ltd., 731 F.Supp. 1054 (S.D.Fla.1990), the district court found that the employer violated 28 U.S.C. § 1875 by intimidating and coercing an existing employee to work additional hours in retaliation for her federal jury service. In that case, the court found that the employer required the juror to work more nights to make up for missing days due to jury service, threatened her seniority for missing a management meeting, and declined to pay the difference between her jury pay and her regular salary. Id. at 1055-56. Finding that the employer's actions "smacked" of retaliation, the court ordered that Madonia's work schedule be reinstated, the employer pay the difference between jury pay and her salary, fined the employer $250.00, and enjoined any deprivation of seniority or managerial benefits. Id. at 1056-57.
The public policy of Florida expressed by the legislature favors appellant's position. Section 440.015, Florida Statutes (1997), entitled "Legislative Intent," provides in pertinent part that: "The worker's compensation system in Florida is based on a mutual renunciation of common-law rights and defenses by employers and employees alike." Because of the renunciation of rights against the employer, "it is the intent of the Legislature to ensure the prompt delivery of benefits to the injured worker." § 440.015, Fla. Stat. (1997). Thus, it appears that the legislature intends to protect the employee's access to *98 worker's compensation remedy and not allow an employer's intimidation or coercion to discourage filing valid claims.
Walgreen argues that the third district has addressed the issue at bar in Montes de Oca v. Orkin Exterminating Co., 692 So.2d 257 (Fla. 3d DCA), review denied, 699 So.2d 1374 (Fla.1997). Specifically, Walgreen argues that the third district declined the opportunity to extend the application of section 440.205 beyond retaliatory discharge. We think Montes de Oca is distinguishable from this case and Walgreen's reliance on its holding is misplaced.
In Montes de Oca, the plaintiff was injured in the course of his employment as a crew chief for Orkin. Id. at 258. He then reached maximum medical improvement, was placed on light duty restriction, and advised Orkin that he could return to work. Id. When he returned, the plaintiff learned that his initial work assignment exceeded his physical limitations. Id. Orkin informed him that other work was available within his restrictions. Id. When he arrived at work the second time, he again learned that the work provided exceeded his limitations. Id. He was also offered a position within his restrictions but was later informed that the position was no longer available. Id. Orkin refused to make further worker's compensation payments on the ground that the plaintiff refused to return to work. Id.
Plaintiff then filed suit alleging, inter alia, violation of section 440.205. Id. at 259. The trial court, however, dismissed his complaint for lack of jurisdiction finding the dispute within the jurisdiction of the Judge of Compensation Claims ["JCC"]. Id. Plaintiff argued on appeal that Orkin was attempting to coerce him "into settling his workers' compensation claim by not respecting his physical limitations, and by claiming to have work which he can perform, when such work is not actually available." Id. The third district disagreed.
The third district distinguished the supreme court's holding in Smith v. Piezo Technology and Professional Administrators, 427 So.2d 182, in which the supreme court had held that section 440.205 created a cause of action for retaliatory discharge and that the circuit court rather than the JCC had jurisdiction to adjudicate a claim under the statute. Id. The third district also noted that in Smith, the employee had actually been discharged. Id. In the case before it, however, the dispute was instead a case involving an employee's refusal to work and an employer's refusal to rehire. Id. The court concluded that such a dispute belongs before the JCC:
In the present case, by contrast, plaintiff alleges an ongoing dispute with the employer wherein the employer contends that the plaintiff unreasonably refused to return to work. The plaintiff claims that the employer has not offered work with the plaintiff's physical limitations, and that the plaintiff's refusal to return to work is justifiable. This dispute is squarely within the grant of jurisdiction to the judge of compensation claims under subsection 440.15(6).[3] In order to read the various parts of chapter 440 harmoniously with each other, we conclude that a dispute that falls within the *99 scope of subsection 440.15(6) is outside the coverage of section 440.205.
Id. Under those circumstances, the court declined the plaintiff's request to extend the application of section 440.205 beyond retaliatory discharge:
Plaintiff in essence asks us to expand the holding of Smith beyond retaliatory discharge, so that in every case in which there is a dispute under subsection 440.14(6), the employee would be allowed to file a companion civil action in circuit court alleging intimidation or coercion. Such an expansion of Smith is not warranted by the language of that decision, nor would it be consistent with the legislative intent, which contemplates that this type of dispute will be resolved by the judge of compensation claims. Old Republic Ins. Co. v. Whitworth, 442 So.2d at 1079.
Id.
The third district declined to expand application of the statute to the plaintiff's claim in Montes de Oca on the ground that the legislature had already provided a remedy for the plaintiff's grievance within the workers' compensation chapter, not because the statute was limited to discharge. By relying on Montes de Oca and the retaliatory discharge cases, the lower court erroneously entered summary judgment against the plaintiff.[4]
REVERSED and REMANDED.
W. SHARP, J., concurs.
COBB, J., dissents, with opinion.
COBB, J., dissenting.
The issue in this case is whether section 440.205, Florida Statutes, creates a statutory cause of action, separate and apart from the context of a workers' compensation claim, for an individual against his employer when that individual's employment is ongoing. That section provides:
No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law.
The trial court, in a thoughtful final order of dismissal, explained its reasoning:
1. The Plaintiff filed suit against the Defendant alleging a violation of § 440.205 Florida Statutes (1997). The Defendant filed a Motion to Dismiss asserting that the lawsuit failed to state a cause of action as the Plaintiff remained employed with the Defendant.
2. A hearing on the Motion to Dismiss was held in chambers on January 8, 1999. Counsel for each party was present at the hearing and provided the court with copies of case law relied upon in support of their respective arguments.
3. The primary argument of the Defendant is that F.S. § 440.205 provides a cause of action from wrongful termination, but does not provide a cause of action for allegations of threats, intimidation, or coercion absent the termination, discharge, or constructive discharge of the Plaintiff.
4. The Plaintiff's response to the Motion to Dismiss is that the plain language of the statute authorizes a cause of action for threats to discharge, intimidation, or coercion in addition to actual termination or discharge itself.
5. I have fully considered the case law cited by the parties. I have noted the Supreme Court of Florida decisions which have referenced F.S. § 440.205 as providing a cause of action for wrongful discharge. Neither party has cited any case law specifically addressing the issue of a cause of action for coercion or intimidation *100 where there was not a corresponding termination or discharge from employment. The recent case of Montes de Oca v. Orkin Ext. Co., 692 So.2d 257 (Fla. 3d DCA 1997), cited by the Defendant, supports the more limited scope of F.S. § 440.205 advocated by the Defendant.
6. I have considered the plain language of the statute and the case law argued by both parties. While the plain language of the statute may prohibit an employer from threatening to discharge, intimidating, or coercing an employee (in addition to actual termination), I am also constrained by the rule of law that statutory causes of action in derogation of the common law must be construed narrowly. Accordingly, I find that the case law cited by the Defendant supports its assertion that F.S. § 440.205 provides a cause of action only for retaliatory discharge or termination. While the language of the statute is not entirely clear in this limitation, I do not find that the case law supports the broader interpretation advocated by the Plaintiff in this case as it would allow for lawsuits against employers for allegations of intimidation or coercion even in cases where the Plaintiff continues to be employed with that employer.
7. As the complaint alleges that the Plaintiff continues to be employed with the Defendant, I find that the complaint does not state a cause of action under F.S. § 440.205.
As pointed out by the trial court, the Florida Supreme Court has rendered two opinions discussing section 440.205. In Smith v. Piezo Technology and Professional Administrators, 427 So.2d 182 (Fla. 1983), the court was faced with the issue of whether a private cause of action for wrongful discharge in retaliation for an employee's pursuit of a workers' compensation claim existed since the language of the statute did not expressly provide one. In answering this question, the court held
... thus, because the legislature enacted a statute that clearly imposes a duty and because the intent of the section is to preclude retaliatory discharge, the statute confers by implication every particular power necessary to ensure the performance of that duty.... We hold, therefore, that F.S. § 440.205 does create a statutory cause of action.
Smith at 184.
The supreme court addressed section 440.205 again in the case of Scott v. Otis Elevator Company, 572 So.2d 902 (Fla. 1990). The primary issue in the Scott case was whether the plaintiff could recover damages for emotional distress under section 440.205, Florida Statutes. In deciding this issue, the court referred back to its decision in Smith in stating: "... we held that while Florida does not recognize a common-law tort for retaliatory discharge, section 440.205 created a statutory cause of action for wrongful discharge." 572 So.2d at 903. The court then went on to state: "Section 440.205 reflects the public policy that an employee shall not be discharged for filing or threatening to file a workers' compensation claim." Id.
In the Smith and Scott cases, the Supreme Court of Florida has clearly stated that section 440.205, Florida Statutes is a "retaliatory discharge" statute and made no reference to the statute covering other retaliatory or adverse actions absent a discharge. In fact, the supreme court in Smith stated "... the intent of the section is to preclude retaliatory discharge...." 427 So.2d at 184 (emphasis added).
The Third District Court of Appeal was faced with the issue of expanding the scope of section 440.205 in the case of Montes de Oca v. Orkin Exterminating Company, 692 So.2d 257 (Fla. 3d DCA 1997). In Montes de Oca, the plaintiff brought several claims against the employer, including a claim under section 440.205, Florida Statutes. The court stated that:

*101 Plaintiff asserts that Orkin is attempting to coerce him into settling his workers' compensation claim by not respecting his physical limitations and by claiming to have work which he can perform, when such work is not actually available. Plaintiff alleges that his claim under Section 440.205 falls within the scope of Smith v. Piezo Technology and Professional Administrators.

Montes de Oca at 259.
The court in Montes de Oca rejected the plaintiff's claim and held that the plaintiff's dispute with the employer was within the jurisdiction of the Judge of Compensation Claims pursuant to section 440.15(6), Florida Statutes. The court also stated that:
Plaintiff in essence asks us to expand the holding of Smith beyond retaliatory discharge so that in every case in which there is a dispute under Section 440.15(6), the employee would be allowed to file a companion civil action in Circuit Court alleging intimidation or coercion. Such an expansion of Smith is not warranted by the language of that decision, nor would it be consistent with the legislative intent, which contemplates that this type of dispute will be resolved by the Judge of Compensation Claims.
Montes de Oca v. Orkin Exterminating Company, 692 So.2d at 259.
Based on the case law and reasoning of the Florida Supreme Court and the Third District in Scott, Smith, and Montes de Oca, I would affirm the trial court. Furthermore, there is no indication whatsoever in section 440.015 that the legislature intended for the circuit courts of this state to regulate the ongoing employment relationship between an employer and employee.
NOTES
[1] It should be noted that the Florida jury service statute does not apply to federal courts, Scott v. Estalella, 563 So.2d 701 (Fla. 3d DCA 1990), however, Florida courts have concurrent jurisdiction with federal courts to adjudicate suits under 28 U.S.C. 1875, Aszkenas v. J.B. Robinson Jewelers, Inc., 560 So.2d 1193 (Fla. 3d DCA 1990). Further, the Florida statute by its language is restricted to cases involving discharge. Specifically, section 40.271, Florida Statutes (1993), provides:

(1) No person summoned to serve on any grand or petit jury in this state, or accepted to serve on any grand or petit jury in this state, shall be dismissed from employment for any cause because of the nature or length of service upon such jury.
(2) Threats of dismissal from employment for any cause, by an employer or his agent to any person summoned for jury service in this state, because of the nature or length of service upon such jury may be deemed a contempt of the court from which the summons issued.
(3) A civil action by the individual who has been dismissed may be brought in the courts of this state for any violation of this section, and said individual shall be entitled to collect not only compensatory damages, but, in addition thereto, punitive damages and reasonable attorney fees for violation of this act.
[2] "Other benefits" has been construed to include insurance benefits, sick leave, vacation pay or other economic or fringe benefits "commonly associated" with employment. Juror 157 v. Corporate Defendant, 710 F.Supp. 324, 326 (M.D.Fla.1989).
[3] Section 440.15(6), Florida Statutes (1993) provides:

(6) Employee refuses employment.If an injured employee refuses employment suitable to the capacity thereof, offered to or procured therefor, such employee shall not be entitled to any compensation at any time during the continuance of such refusal unless at any time in the opinion of the judge of compensation claims such refusal is justifiable.
See also section 440.15(7), Florida Statutes (1997), which provides:
(7) Employee refuses employment.If an injured employee refuses employment suitable to the capacity thereof, offered to or procured therefor, such employee shall not be entitled to any compensation at any time during the continuance of such refusal unless at any time in the opinion of the judge of compensation claims such refusal is justifiable.
[4] We express no opinion about the factual basis for the claim or the validity of the pleaded damage claim. These issues are not before us.