766 So.2d 487 (2000)
SUGARMILL WOODS OAKS VILLAGE ASSOCIATION, INC., Appellant,
v.
Andrew M. WIRES, et al., Appellees.
Nos. 5D99-3309, 5D00-16.
District Court of Appeal of Florida, Fifth District.
September 22, 2000.
Jonathan J. Ellis, P.A., of Broad and Cassel, Tampa, and Robert L. Tankel, of Robert L. Tankel, P.A., Dunedin, for Appellant.
James A. Neal, Jr., of James A. Neal, Jr., P.A., Inverness, for Appellees.
W. SHARP, J.
Sugarmill Woods Oaks Village Association, Inc. appeals from summary judgments, which quieted title against its recorded homeowner association liens on lots in the Sugarmill Subdivision, in favor of Inverness Farms Realty Group, Inc.[1] and *488 Andrew Wires.[2] Inverness and Wires hold tax deeds to the lots, issued after the liens had been placed of record. These appeals were consolidated because they involve the same legal issue:
Does the issuance of a tax deed to a lot extinguish a homeowner association's lien placed on such lot, pursuant to a declaration of covenants, recorded prior to issuance of the tax deed, where the declaration provided for homeowner association liens to be placed on lots for delinquent homeowners association assessments, and the homeowners association recorded the lien pursuant to the declaration prior to the issuance of the tax deed?
The trial court ruled that the liens were extinguished. We affirm.
This case turns solely on the interpretation of applicable statutes. The first is section 197.552,[3] which governs tax deeds. In 1973, this section was amended to provide that:
[N]o right, interest, restriction, or other covenant shall survive the issuance of a tax deed.
Ch. 73-332, § 21, Laws of Fla.
In 1979, the Legislature amended this section to add an exception for liens held by governmental units:
[N]o right, interest, restriction, or other covenant shall survive the issuance of a tax deed, except that a lien of record held by a municipal or county governmental unit, when such lien is not satisfied as of the disbursement of proceeds of sale ... shall survive the issuance of a tax deed .... (emphasis added)
Ch. 79-334, § 1, Laws of Fla.
In the same act, the Legislature also amended section 197.573,[4] which addresses the survival of restrictions and covenants contained in a deed in the chain of title, after a tax sale. See Ch. 79-334, § 2. Subsection two was amended to provide:
197.573. Survival of restrictions and covenants after tax sale
(1) When a deed in the chain of title contains restrictions and covenants running with the land, as hereinafter defined and limited, the restrictions and covenants shall survive and be enforceable after the issuance of a tax deed or master's deed, or a clerk's certificate of title upon foreclosure of a tax deed, tax certificate, or tax lien, to the same extent that it would be enforceable against a voluntary grantee of the owner of the title immediately before the delivery of *489 the tax deed, master's deed, or clerk's certificate of title.
(2) This section shall apply to the usual restrictions and covenants limiting the use of property; the type, character and location of building; covenants against nuisances and what the former parties deemed to be undesirable conditions, in, upon, and about the property; and other similar restrictions and covenants; but this section shall not protect covenants creating any debt or lien against or upon the property, except one providing for satisfaction or survival of a lien of record held by a municipal or county governmental unit, or requiring the grantee to expend money for any purpose, except one that may require that the premises be kept in a sanitary or sightly condition or one to abate nuisances or undesirable conditions. (emphasis added)
The obvious public policy involved in these statutes is to allow local governments to protect their taxing basis and facilitate recoupment of unpaid taxes through tax sales of property upon which taxes have not been paid. As noted in the legislative history,[5] the effect of the 1979 changes was to enlarge the category of things that survive the issuance of a tax deed. The Staff Analysis noted that tax certificate holders do not check for liens on the property until the holder applies for a tax deed, because prior to the amendment, no liens survived. Some concern was expressed that demand for tax certificates could be reduced by the amendments. In any event, the report concludes: "This bill would not change the status of existing liens held by private entities. As under the present law, such non-governmental liens would not survive the issuance of the tax deed."
With the formal recognition and acceptance of subdivisions with provisions for restrictions and covenants in plats or declarations of record, and governance and assessment of lots for common expenses by homeowners associations, it became necessary to refine section 197.573(2). In 1995, the Legislature added section 617.312, which preserves such covenants and restrictions imposed by homeowners' associations. It provides:
617.312. Declaration of covenants; survival after tax deed or foreclosure

All provisions of a declaration of covenants relating to a parcel that has been sold for taxes or special assessments survive and are enforceable after the issuance of a tax deed or master's deed, or upon the foreclosure of an assessment, a certificate or lien, a tax deed, tax certificate, or tax lien, to the same extent that they would be enforceable against a voluntary grantee of title to the parcel immediately before the delivery of the tax deed or master's deed or immediately before the foreclosure. (emphasis added)
The intent of this statute was obviously to safeguard residential homeowners associations' declarations of covenants and restrictions and provisions for assessments from being extinguished by the issuance of a tax deed. They were clearly in jeopardy, pursuant to section 197.573.
The Legislature could have expressly provided that liens assessed against lots by homeowners associations also survive the issuance of a tax deed; however, it did not. As demonstrated by these statutes, the Legislature clearly perceives the difference between the terms liens and covenants and restrictions.
It appears to us that section 617.312 simply preserves the power of the homeowners associations to assess liens pursuant to recorded declarations of covenants, against the lots purchased pursuant to a tax deed, in futuro. Appellant argues we should read into the statute "liens" as part of the concept of covenants and restrictions. But that broader interpretation goes beyond the language used and chosen *490 by the Legislature,[6] and would violate the Legislature's intent and public policy to limit the survival of liens, after the issuance of a tax deed, to those held by local governments.
AFFIRMED.
GRIFFIN and PLEUS, JJ., concur.
NOTES
[1] In case number 00-16, the trial court adjudged:

That the Plaintiff, Inverness Farms Realty Group, a Florida corporation, is the lawful owner of and is adjudged to have good, fee simple title to the following described property by virtue of the Tax Deed issued on October 1, 1997, and recorded in Official Record Book 1207, Page 1900 of the public records of Citrus County, Florida, to wit:
Lot 4, Block B-216, OAK VILLAGE, SUGARMILL [sic] WOODS SUBDIVISION, according to the Plat thereof as recorded in Plat Book 9, Pages 86 through 150, Plat Book 10, Pages 1 through 150 and Plat Book 11, Pages 1 through 16, of the Public Records of Citrus County, Florida. As amended in Plat Book 9, Page 87-A of the Public Records of Citrus County, Florida.
and as described in the Tax Deed recorded at O.R. Book 1207, Page 1900 as:
Lot 4, Block 216, Sugarmill Woods, Oak Village, Section 13, Township 20 South, Range 18 East, as described in O.R. Book 747 page 1775, public records of Citrus County, Florida.
[2] In case number 99-3309, the trial court adjudged:

That the Plaintiff, Andrew M. Wires, is the lawful owner of and is adjudged to have good, fee simple title to the following described property by virtue of the Tax Deed issued on January 20, 1999, and recorded in Official Record Book 1284, Page 2468 of the public records of Citrus County, Florida, as described in the Tax Deed recorded at O.R. Book 1284, page 2468, to wit:
Lot 2, Block 188, Sugarmill Woods Oak Village, Section 13, Township 20 South, Range 18 East, as described in O.R. Book 649, page 1669, public records of Citrus County, Florida.
[3] Formerly section 197.271.
[4] Formerly section 197.281.
[5] Senate Staff Analysis and Economic Impact Statement SB 8 (revised June 1, 1979).
[6] Holly v. Auld, 450 So.2d 217 (Fla.1984); Chase v. Walgreen Co., 750 So.2d 93 (Fla. 5th DCA 1999).